Scott M. Riemer (SR5005)
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
sriemer@riemerlawfirm.com

Marc S. Whitehead (So. Dist. of Tx Bar No. 15465)
MARC WHITEHEAD & ASSOCIATES
ATTORNEYS AT LAW, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
713-228-8888
marc@marcwhitehead.com
*Pro hac vice admission pending*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X

JOSEPH TUMINELLO,

     Plaintiff,                             13 CV 0938 (KBF)(JCF)

v.                                     <u>COMPLAINT</u>

AETNA LIFE INSURANCE COMPANY,        ECF CASE

     Defendant.

--------------------------------------------------------------------X

<u>**PRELIMINARY STATEMENT**</u>

    1.    Plaintiff Joseph Tuminello, hereinafter referred to as "Plaintiff," brings this ERISA action against Aetna Life Insurance Company, in it's capacity as Administrator of the Bank of America Corporation Long Term Disability Plan, hereinafter referred to as "Defendant".   Plaintiff brings this action to secure all disability benefits, whether they be described as short term and or long term, to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Aetna Life Insurance

Company.   Plaintiff is covered under the policy by virtue of his employment with Bank of America Corporation.

## PARTIES

2.      Plaintiff is a citizen and resident of New York.

3.      Defendant is a properly organized business entity doing business in the State of New York.

4.      The disability plan at issue in the case at bar was funded and administered by Defendant.

5.      Defendant is an insurance company licensed to write insurance within the State of New York and is a business entity doing business within the Southern District of New York.   Defendant may be served with process by serving its corporate officer, Patrick S. C. Poon, 151 Farmington Avenue, Hartford, CT 06156.

## JURISDICTION AND VENUE

6.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America.   Specifically, Plaintiff brings this action to enforce his rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, ("ERISA"), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."   29 U.S.C. § 1132(a)(1)(B).

7.      Venue in the Southern District of New York is proper by virtue of Defendant doing business in the Southern District of New York.    Under the ERISA

statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id.*) Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States.  Here, Defendant Aetna Life Insurance Company is "found" within the Southern District of New York, as it is licensed to write insurance within this District, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8.    Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.

9.    The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Bank of America Corporation at the time of Plaintiff's onset of disability.

10.    Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11.    Defendant funds the Plan benefits.

12.    Because the Defendant both funds the plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13.    Further, in order for the Plan Administrator's decisions to reviewed by this

Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

14.     Plaintiff contends that the Plan fails to give the Defendant said discretion.

15.     Defendant's decision to deny disability benefits should be reviewed by this Court under a *de novo* standard of review.

16.     Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

17.     Plaintiff is a 61 year old man previously employed by Bank of America Corporation as a "Securities Production Salesperson".

18.     Securities Production Salesperson is classified under the Dictionary of Occupational Titles as Sedentary with an SVP of 7 and considered to be skilled work.

19.     Due to Plaintiff's degenerative and traumatic injuries, Plaintiff ceased actively working on February 6, 2009.

20.     Plaintiff alleges that he became disabled on February 7, 2009.

21.     Plaintiff filed for short term disability benefits.

22.     Short term disability benefits were denied but subsequently the denial was reversed.

23.     Plaintiff filed for long term disability benefits through the plan administered by the Defendant.

24.     On November 21, 2010, Defendant denied long term disability benefits under the Plan.   Said letter allowed Plaintiff 180 days to appeal this decision.

4

25.     At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform his "Own Occupation."

26.     If granted the plan would pay monthly benefits of $10,262.00.

27.     On May 18, 2011, Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

28.     Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

29.     Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other occupation as defined by the Plan.

30.     Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the SSA's definition of disability is significantly more restrictive than Aetna's as they require the claimant to be unable to work in "any occupation in the National Economy."

31.     Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.

32.     Upon information and belief, Leonard Schnur, Psy.D., James Wallquist, M.D., and Wendy Weinstein, M.D., are internal consultants for Aetna.

5

33.    On or about January 5, 2012, Dr. Schnur performed a paper review of Plaintiff's claim file.

34.   On or about January 5, 2012, Dr. Wallquist, orthopedic surgeon, performed a paper review of Plaintiff's claim file.

35. On or about January 16, 2012, Dr. Weinstein, internist, performed a paper review of Plaintiff's claim file.

36.   There is an indication that a "Edward Klotz, M.D." reviewed Plaintiff's claim file, but Aetna failed to provide Plaintiff with said review.

37.    Drs. Schnur, Wallquist, and Weinstein completed their reports without examining Plaintiff.

38.    On February 19, 2012, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

39.    Defendant also notified Plaintiff on February 19, 2012 that Plaintiff had exhausted his administrative remedies.

40.    Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in work activities.

41.    Plaintiff has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

42.    Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

43.     Plaintiff suffers from severe cardiac conditions, back impairment, hearing and vision issues and shoulder pain.

44.     Treating physicians document continued severe cardiac conditions, back impairment, hearing and vision issues and shoulder pain.

45.     Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed his ability to engage in any form of exertional activity.

46.     Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

47.     Plaintiff's treating physicians clinically document these symptoms. Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

48.     Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address his multiple symptoms.

49.     However, Plaintiff continues to suffer from break through pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

50.     Plaintiff's documented pain is so severe that it impairs his ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

51.     Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

52.     The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

53.     As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

54.     However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits.

## DEFENDANT'S CONFLICT OF INTEREST

55.     At all relevant times, Aetna has been operating under an inherent and structural conflict of interest as Aetna is liable for benefit payments due to plaintiff and each payment depletes Aetna's assets.

56.     Upon information and belief, Aetna's determination was influenced by its conflict of interest.

57.     Aetna has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

58.     The LTD plan gave Aetna the right to have plaintiff submit to a physical examination at the appeal level.

59.     A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

60.     More information promotes accurate claims assessment,

61.     Despite having the right to a physical examination, Aenta did not ask plaintiff to submit to one.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

62.     Defendant incorporates those allegations contained in paragraph 1 through 61 as though set forth at length herein.

63.     Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a.      Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

b.      Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c.      Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious, and;

d.      Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II:   ATTORNEY FEES AND COSTS

64.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 63 above.

65.     By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees.  Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, purusant to

Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, Plaintiff demands judgment for the following:

A.      Grant Plaintiff declaratory relief, finding that he is entitled to all past due short term and long term disability benefits yet unpaid;

B.      Order Defendant to pay past short term and long term disability benefits retroactive to May 1, 2009 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C.      Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D.      Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E.      For such other relief as may be deemed just and proper by the Court.

Dated:   New York, New York
          February 7, 2013

RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 East 42nd Street, Suite 1750
New York, New York   10165
(212) 297-0700
sriemer@riemerlawfirm.com

By: _____
    Scott M. Riemer (SR5005)