```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH TUMINELLO,                       :
                                        :
                        Plaintiff(s),   :         13-CV-938 (KBF)
        -v-                             :
                                        :         ORDER
AETNA LIFE INSURANCE COMPANY,           :
                                        :
                        Defendant(s).   :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 0 9 2013

KATHERINE B. FORREST, District Judge:

Plaintiff Joseph Tuminello has moved for a stay (ECF No. 24) of the pending motion of defendant Aetna Life Insurance Company ("Aetna") for summary judgment (ECF No. 17). Defendant's motion seeks summary judgment solely on the grounds that plaintiff's complaint is time-barred by a provision in the ERISA long-term disability plan (the "Plan") here at issue. Plaintiff argues that a Second Circuit case to be argued this term before the United States Supreme Court, Heimeshoff v. Hartford Life & Accident Ins. Co. No. 10 Civ. 1813 (JBA), 2012 WL 171325 (D. Conn. Jan. 20, 2012) aff'd, 496 F. App'x 129 (2d Cir. 2012) cert. granted in part, 133 S. Ct. 1802, 185 L. Ed. 2d 810 (U.S. 2013), is likely to impact the resolution of the summary judgment motion. For the reasons set forth below, the Court agrees and plaintiff's motion to stay is granted.

Whether to stay an action pending appellate review of a related case is committed to this Court's discretion. See Clinton v. Jones, 520 U.S. 681, 706

1

(1997)(citation omitted). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants". Katz v. Feinberg, No. 99 CIV. 11705 (CSH), 2001 WL 1132018 (S.D.N.Y. Sept. 24, 2001)(quoting Landis v. North American Co., 299 U.S. 248, 254–55 (1936). The party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." Landis, 299 U.S. at 255.

The Court finds that plaintiff has made a showing of such inequity here. The issue the Supreme Court will address in Heimeshoff is highly relevant to the resolution of the instant action; both cases involve the central question of the proper application of the ERISA statute of limitations. The private interest of the defendants in proceeding is outweighed by the potential prejudice to plaintiff should the Supreme Court make a favorable ruling, as well as the waste of judicial resources by the Court's premature consideration of the summary judgment motion while Heimeshoff is pending. See, e.g., Hicks v. City of New York, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003)(citation omitted)(setting forth balancing test for motions to stay). Accordingly, the Court finds it is in the interests of justice and judicial efficiency (at both the district court and circuit level) to stay the action pending the Supreme Court's decision. It is therefore

ORDERED:

1. Plaintiff's motion to stay consideration of defendant's summary judgment motion is GRANTED. The motion shall be administratively terminated with leave to renew after the Supreme Court issues its decision in <u>Heimeshoff</u>.
2. This action is hereby placed on the suspense docket.
3. Plaintiff shall inform the Court of the Supreme Court's disposition of <u>Heimeshoff</u> within ten days of that Court's decision and request that this action be returned to the active calendar.

The Clerk of Court is directed to close the motions at ECF Nos. 13, 17, and 24, to terminate all remaining dates, and to place this action on the suspense docket.

SO ORDERED:

Dated:   New York, New York
         September 9, 2013

_____
KATHERINE B. FORREST
United States District Judge