UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOSEPH TUMINELLO,

                Plaintiff,

     v.

AETNA LIFE INSURANCE COMPANY,

                Defendant.
---------------------------------------------------------X

Civil Action No.:
13 CIV 938 (KBF)(JCF)

DOCUMENT
ELECTRONICALLY FILED

---

**DEFENDANT AETNA LIFE INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

---

SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Email: michael.bernstein@sedgwicklaw.com
*Attorneys for Defendant*
*Aetna Life Insurance Company*

Michael H. Bernstein
Julie Y. Kim
    Of Counsel

DOCS/18195203v1

**PRELIMINARY STATEMENT**

Pursuant to this Court's Order dated December 18, 2013 (Doc. No. 36),[1] Defendant Aetna Life Insurance Company ("Aetna") respectfully submits this supplemental memorandum of law in further support of its motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for an order granting summary judgment dismissing Plaintiff Joseph Tuminello's ("Tuminello") complaint as time-barred. This issue has been fully briefed and Aetna respectfully refers the Court to Aetna's previously-filed memoranda of law in support of its Motion for Summary Judgment (Doc. Nos. 21, 30), which fully set forth Aetna's arguments. This brief is intended to supplement the arguments made in the previously-filed briefs, in view of the recent opinion issued by the U.S. Supreme Court in *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S.Ct. 604 (2013), which is factually analogous and significant to the resolution of this motion.

Tuminello seeks an award of long-term disability ("LTD") benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") (the "Plan"). As discussed in Aetna's initial moving brief (Doc. No. 21), the Plan requires any civil action seeking Plan benefits to be commenced no later than three years from the deadline for filing claims – in this case, no later than November 5, 2012. Tuminello commenced this action over three months later on February 8, 2013, and as such, it is time-barred. This fair and reasonable plan provision limiting the time for a claimant to bring a civil action seeking plan benefits is enforceable, even if the time for Tuminello to bring his lawsuit started to run before his claim accrued. On December 16, 2013, the U.S. Supreme Court addressed this precise issue when it issued its opinion in *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S.Ct. 604 (2013). In *Heimeshoff*, the Supreme Court unanimously held that ERISA plan provisions that start the time for a claimant to file a lawsuit seeking benefits before his/her claim accrues must be enforced as written. In so

---

[1] Citations to "Doc. No." refer to the docket number of documents electronically filed in this action.

holding, the Supreme Court resolved a split among the Circuit Courts of Appeal regarding the enforceability of this common contractual limitation of actions provision. As such, the Plan's Legal Action provision must be enforced, and summary judgment dismissing Tuminello's lawsuit should therefore be granted.

## ARGUMENT

### THE PLAN'S LEGAL ACTION PROVISION MUST BE ENFORCED

The Supreme Court's recent decision in *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S.Ct 604 (2013) eliminated any uncertainty regarding the enforceability of an ERISA plan's limitation of actions provision. The Court unanimously held that a contractual limitations provision limiting the time for claimants to seek judicial review of denied claims must be enforced as long as it is reasonable, even if the limitations period commences before the claimant's cause of action accrues. 134 S.Ct at 610. In *Heimeshoff*, the plaintiff, Julie Heimeshoff ("Heimeshoff") was employed as a senior public relations manager. She stopped working on June 8, 2005, claiming that she was disabled from her usual occupation due to chronic pain and fatigue. 134 S.Ct at 608. Heimeshoff was subsequently diagnosed with lupus and fibromyalgia. *Id.* Heimeshoff filed a claim for long-term disability ("LTD") benefits with Defendant Hartford Life & Accident Insurance Company ("Hartford"), the claim administrator for the LTD plan sponsored by Heimeshoff's employer, Wal-Mart Stores, Inc. *Id.* Hartford denied Heimeshoff's claim based on its determination that she had failed to submit sufficient proof to demonstrate her disability under the plan. *Id.* at 609. Hartford advised Heimeshoff that it would reopen her claim without the need for an appeal if she submitted additional documentation requested by Hartford. *Id.* Heimeshoff submitted the additional evidence, and Hartford retained an independent medical record peer review physician consultant to review her submissions. Following his review, the physician consultant opined that Heimeshoff was

2

functionally able to perform the essential functions of her sedentary occupation. Based on this opinion, as well as its review of Heimeshoff's other submissions, Hartford denied her claim. *Id.* Heimeshoff filed an administrative appeal, and also submitted additional documentation in support of her claim. However, on its appeal review, Hartford decided to uphold its original denial of Heimeshoff's LTD benefit claim and advised her of this final adverse benefit determination by letter dated November 26, 2007. *Id.*

Almost three (3) years later, on November 18, 2010, Heimeshoff commenced a civil action pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), seeking judicial review of Hartford's denial of her LTD benefit claim. *Id.* The plan's limitation of actions provision, however, barred legal action for benefit claims against Hartford commenced more than three years "after the time written proof of loss is required to be furnished according to the terms of the policy." *Id.* (internal quotation marks omitted). Accordingly, because Heimeshoff commenced her lawsuit over three years after the deadline for her to submit proof of loss concerning her claim, Hartford and Wal-Mart moved to dismiss on grounds that Heimeshoff's lawsuit was barred by the plan's limitation of actions provision. *Id.* The district court granted the motion to dismiss, and on appeal, the Second Circuit affirmed that ruling, specifically holding that the plan's limitation of actions period was allowed to commence on a date prior to the date on which the plaintiff's claim accrued. *Id.* The Second Circuit ruled that the unambiguous policy language that provided a three-year limitations period beginning from the date proof of loss was due under the plan was enforceable, and Heimeshoff's action was therefore found to be time-barred. *Id.* at 609-610. The Supreme Court granted *certiorari* to resolve a Circuit split on this issue.

The Supreme Court's unanimous decision in *Heimeshoff* explicitly rejected the contrary holdings of several Circuit Courts, including the Fourth Circuit in *White v. Sun Life Assurance Co. of Canada*, 488 F.3d 240 (4th Cir. 2007), and the Ninth Circuit in *Price v. Provident Life & Acc. Ins. Co.*, 2

3

F.3d 986 (9th Cir. 1993), which had held that ERISA plan limitations periods must run from the date the participant's claim accrues. 134 S.Ct. at 610. The Court noted that "[t]he principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan. The plan, in short, is at the center of ERISA." 134 S.Ct at 611 (internal quotation marks and citation omitted). The Court reasoned that "[w]e must give effect to the Plan's limitations provision unless we determine either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Id.* at 612 (citation omitted). The Court also noted that after Hartford issued its final adverse benefit determination on her claim, Heimeshoff was left with approximately one year in which to file suit. *Id.* The parties did not dispute that this left Heimeshoff with a reasonable period of time within which to file suit. The Court further noted that the ERISA plan's contractual limitations provision at issue was "quite common," that situations in which participants were left with less than one year to file suit were rare, and that such claimants' lawsuits were typically time-barred as a result of their failure to diligently pursue their rights. *Id.* at 615. The Court therefore concluded that "[t]he evidence that this 3-year limitations provision harms diligent participants is far too insubstantial to set aside the plain terms of the contract." *Id.*

The Supreme Court's decision in *Heimeshoff* fully supports the approach taken by most Second Circuit courts, as discussed more fully in Aetna's moving brief.[2] *See, e.g., Burke v. PriceWaterHouse Coopers LLP Long Term Disability Plan*, 572 F.3d 76 (2d Cir. 2009), *Viti v. Guardian Life Ins Co. of Am.*, 817 F. Supp. 2d 214 (S.D.N.Y. 2011); *Rotondi v. Hartford Life & Acc. Group*, No. 09 Civ. 6287(PGG), 2010 WL 3720830 (S.D.N.Y. Sept. 22, 2010). Moreover, the Supreme Court's decision implicitly approved of the Second Circuit's rejection of the anomalous *Novick v. MetLife*

---

[2] *See* Aetna's Memorandum of Law in Support of Its Motion for Summary Judgment ("MOL"), pp. 5-9. (Doc. No. 21).

4

decision, in which the district court held that New York's six-year statute of limitations could apply instead of the ERISA plan's written contractual limitations period because the administrator did not advise the participant of the applicable time limit to file a civil action pursuant to ERISA §502(a) in its initial adverse determination letter.[3] *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, No. 10 cv 1813 (JBA), 2012 WL 171325 (D. Conn. Jan. 20, 2012) (holding that administrator was not required to inform the participant of the plan's limitations period for legal action in its benefit determination letter, and declining to follow *Novick v. Metropolitan Life Ins. Co.*, 764 F. Supp. 2d 653 (2011)), *aff'd*, 496 F. App'x 129 (2d Cir. Sept. 13, 2012).

The facts of Tuminello's case are directly analogous to the facts considered by the Supreme Court in *Heimeshoff*. The contractual limitations provision at issue here is effectively the same as the one in *Heimeshoff*. The Plan required Tuminello to commence this action within three years of the deadline for filing claims, i.e., by no later than November 5, 2012.[4] Tuminello, like Heimeshoff, had close to one year to commence this lawsuit after Aetna issued its final adverse benefit determination on his claim for LTD benefits.[5] The Plan's Legal Action provision did not leave Tuminello with an unreasonably short time to commence this lawsuit, nor are there any "controlling statutes" that would otherwise affect this written contractual limitation of actions provision. Nonetheless, Tuminello, despite being represented by experienced ERISA counsel since the administrative appeal process, inexplicably failed to diligently pursue his rights and timely commence this action before his time to do so had expired.

---

[3] The *Novick* decision is discussed more fully in Aetna's MOL, pp.10-11. (Doc. No. 21).
[4] *See* Aetna's MOL, p. 4. (Doc. No. 21). The facts regarding Tuminello's deadline for commencing this lawsuit are discussed more fully in Aetna's MOL, pp. 2-5.
[5] Aetna's final adverse benefit determination letter on Tuminello's claim for LTD benefits was issued on February 9, 2012. (MOL, p. 3, Doc. No. 21). Tuminello's time to commence this lawsuit expired on November 5, 2012. (*Id.* at p. 4).

Since Tuminello has no reasonable basis for not commencing this lawsuit in a timely manner, he unreasonably argues that he relied to his detriment on Aetna's letter dated March 19, 2009, which permitted him to bring a civil action to obtain judicial review of the denial of his claim for *short-term disability* benefits, not his long-term disability benefits at issue here. Tuminello speciously argues that he relied upon this letter, which was issued long before Tuminello even submitted a claim for long-term disability benefits on November 15, 2010, as a basis for explaining his tardiness in filing the lawsuit concerning his denied LTD benefit claim. Frankly, this excuse is facially deficient and utterly meritless.

The *Heimeshoff* Court also clarified that the traditional doctrines of waiver or estoppel may be applied in those rare circumstances where ERISA's internal review process prevents participants from timely commencing a civil action pursuant to ERISA §502(a)(1)(B). 134 S.Ct at 615. The Court noted that "[i]f the administrator's conduct causes a participant to miss the deadline for judicial review, waiver or estoppel may prevent the administrator from invoking the limitations provision as a defense." *Id.* (citation omitted). There is no basis for applying either of these equitable doctrines here. Tuminello had nine months to seek judicial review of Aetna's claim determination following the date of Aetna's final adverse determination on appeal. Tuminello's delay had nothing to do with the administrative review process, which had unequivocally ended long before the Plan's three-year limitations period expired. The Court made it clear that "[t]o the extent the participant has diligently pursued both internal review and judicial review but was prevented from filing suit by extraordinary circumstances, equitable tolling may apply." *Id.* (citations omitted). Here, by contrast, Tuminello simply failed to diligently pursue his right to seek judicial review after he had exhausted the administrative appeals process, and accordingly, the Plan's limitations provision must be enforced.

For the reasons discussed above and discussed more fully in Aetna's original moving brief, this action must be dismissed as time-barred. The law is now clear. Based on the Supreme Court's

6

decision in *Heimeshoff*, Tuminello was required to adhere to the deadlines set by the Plan's unambiguous and reasonable limitation of actions provision. Tuminello exhausted the administrative appeal process once Aetna issued its final adverse benefit determination letter dated February 9, 2012. At that time, the Plan's contractual limitations period left Tuminello almost nine months -- until November 5, 2012, to commence this lawsuit. Without offering any excuse for his failure to timely do so, Tuminello unconvincingly argues that the plan's reasonable limitations period should not be enforced as written. However, similar to the facts presented in *Heimeshoff*, the Plan's Legal Action provision left Tuminello a reasonable amount of time to commence this lawsuit and there are no other controlling statutes affecting the limitations period. As such, the Plan's limitations provision must be enforced. Accordingly, this lawsuit is time-barred, and Plaintiff's Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Aetna Life Insurance Company respectfully requests that the Court grant Aetna's motion for summary judgment and issue an order dismissing Plaintiff's Complaint in its entirety.

Dated: New York, New York
January 20, 2014

Respectfully submitted,

/s/Michael H. Bernstein
Michael H. Bernstein (MB 0579)
Julie Kim (JK 5700)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, NY 10281
Tel. (212) 422-0202
Fax (212) 422-0925
Email: michael.bernstein@sedgwicklaw.com
*Attorneys for Defendant*
*Aetna Life Insurance Company*

7

**CERTIFICATE OF SERVICE**

I, Julie Kim, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT AETNA LIFE INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** was served via ECF on this 20th day of January 2014, upon the following:

Dated:   New York, New York              /s/Julie Kim
         January 20, 2014                Julie Kim (JK 5700)