UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JOSEPH TUMINELLO,                              Civ. Act. No.: 13 CIV 938 (KBF)(JCF)

           Plaintiff,

   -against-

AETNA LIFE INSURANCE COMPANY,
                                                                DOCUMENT
           Defendants.                    ELECTRONICALLY FILED

-------------------------------------------------------X


**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
SUPPLEMENTAL MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**


                                           RIEMER & ASSOCIATES, L.L.C.
                                           60 East 42nd Street
                                           Suite 1750
                                           New York, NY 10165
                                           Telephone:   212-297-0700
                                           Facsimile:    212-297-0730

                                           MARC WHITEHEAD & ASSOCIATES,
                                           ATTORNEYS AT LAW L.L.P.
                                           5300 Memorial Drive, Suite 725
                                           Houston, Texas 77007
                                           Telephone: 713-228-8888
                                           Facsimile: 713-225-0940

                                           ATTORNEYS FOR
                                           FOR PLAINTIFF, JOSEPH TUMINELLO

Scott M. Riemer
Marc S. Whitehead
Admitted *pro hac vice*

## **INTRODUCTION**

Plaintiff, Joseph Tuminello ("Plaintiff" or "Mr. Tuminello"), hereby submits his response in opposition to Defendant Aetna Life Insurance Company's supplemental memorandum of law in support of its motion for summary judgment. (Doc. No. 37).

This action involves a dispute over the denial of a claim for long-term disability benefits under a disability insurance policy governed by ERISA 29 U.S.C. § 1132 (a)(1)(B) and administered by Aetna Life Insurance Company, ("Aetna" or "Defendant").

Aetna asserts that Mr. Tuminello's claim is barred based on a three year statute of limitations that begins to run from the date proof of loss is filed. (Def.'s MOL. at 1) The Second Circuit analyzed a similar 3-year statute of limitations for filing ERISA disability claims under contract law upon which Aetna relies.  *Heimeshoff v. Hartford Life & Acc. Ins. Co.,* 2012 U.S. Dist. LEXIS 6882 (2d Cir. Sept. 13, 2012). "The Connecticut Plaintiff, Heimeshoff, filed an ERISA lawsuit against Hartford challenging their denial of long-term disability benefits.  Hartford filed a Motion to Dismiss as Heimeshoff filed her lawsuit past the 3-year statute of limitations which was clearly stated in her policy." (*Id.*)

In *Heimeshoff*, Hartford's Plan stated that the 3-year statute of limitations period began from the time that proof of loss was due pursuant to the Plan.  Because it is permitted under the statute to have the limitation period begin before the claim accrues, and the court found the plan's terms "unambiguous," the Second Circuit determined that Heimeshoff's action was time-barred. This fact pattern is similar to the one presented here. Despite the "unambiguous contract language," Mr. Tuminello, like the plaintiff in *Heimeshoff*, was not clear when the statute of limitations to bring suit began running.

In both suits, the plans moved to dismiss the claims as untimely. Both plan administrators argued that the claims were time barred because they were filed more than three years after proof of loss was due. (Def. MOL. at 16; *Id.*). On appeal to the U.S. Court of Appeals for the Second Circuit, Ms. Heimeshoff argued that the SOL begins to run when the plan denied her final appeal, therefore, her claim was timely. Mr. Tuminello also filed suit within the three year period following final denial by Aetna. (Doc. No. 1 ¶ 38). The Second Circuit ruled against Ms. Heimeshoff, she petitioned for, and was granted certiorari on this issue since there was a split in the circuits on when the statute begins to run. As explained in Aetna's supplemental briefing, (Doc. No. 37 at 2-4) the Supreme Court recently affirmed the ruling in *Heimeshoff* and resolved the split. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S.Ct 604 (2013).

## ARGUMENT

In the instant case, Aetna asserts that the Plan states that "[n]o legal action can be brought under any benefit after 3 years from the deadline for filing claims…" (Def.'s MOL. at 4). However, in Aetna's first adverse decision letter, dated March 19, 2009, Aetna communicated to Mr. Tuminello that he "must file the action in court within one year of the date of the final denial of your claim." (Pl.'s Resp. to Def.'s SOF, ¶1) Mr. Tuminello relied on this information to his detriment and filed this action within one year of his final denial letter. Thus, his claim is not time barred.

On February 20, 2008, Mr. Tuminello applied for short-term disability ("STD") benefits, effective February 6, 2009.  Aetna initially denied Mr. Tuminello's claim by letter, dated March 19, 2009.  Aetna, as the Claims Administrator for the STD Plan,

ultimately determined that Mr. Tuminello was eligible to receive STD benefits based on his disability claim for the period February 6, 2009, through May 31, 2009. He did not receive the full 26 weeks of benefits. Mr. Tuminello subsequently applied for LTD benefits under the Plan on November 15, 2010.  On December 21, 2010, Aetna determined that Tuminello did not meet the Plan's definition of disability and denied his claim. On May 18, 2011, Mr. Tuminello appealed Aetna's decision to deny his benefits. (Complaint at ¶ 27).  After Aetna completed its appeal review, it upheld its adverse benefit determination by letter dated February 9, 2012.  In that letter, Aetna advised Mr. Tuminello that its decision was final and no further appeals were available, but that if he disagreed with Aetna's determination, he had the right to file a civil action under section §502(a) of ERISA. Relying on the information in the March 19, 2009 letter, less than one year later than the final denial letter of February 9, 2012, Mr. Tuminello filed the complaint in this action on February 8, 2013.

     Aetna clearly communicated to Mr. Tuminello in the March 19, 2009 letter that he "must file the action in court within one year of the date of the final denial of your claim," which Mr. Tuminello did.  (*Id.*) Although Defendant states that the letter only applies to Mr. Tuminiello's short term disability benefits, (Def.'s Supp. Brief at 6; Doc. No. 37) the nature of the instant suit is to "secure all disability benefits, whether they be described as short term or long term…" (See Complaint, Doc. No.1 ¶ 1). Aetna's letter informed Mr. Tuminello that he had one year from final denial to file suit. This was the only time Aetna informed him of a timeframe for filing suit. Mr. Tuminello relied on this letter and diligently filed suit for disability benefits before the year was up.

The Supreme Court in *Heimeshoff* noted that "if the administrator's conduct causes a participant to miss the deadline for judicial review, waiver or estoppel may prevent the administrator from invoking the limitations provision as a defense." 134 S.Ct at 615. *See also Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.,* 404 F.3d 167, 172-173 (2d Cir. 2005)(explaining the elements of a promissory-estoppel claim under ERISA).

"To the extent the participant has diligently pursued both internal review and judicial review but was prevented from filing suit by extraordinary circumstances, equitable tolling may apply." 134 S.Ct at 615. Mr. Tuminello diligently appealed his claims through the administrative process and sought judicial review under the time frame communicated to him by Defendant in plain language, specifically "within one year of the date of the final denial of your claim." "Generally, to merit equitable relief, a plaintiff must have acted with reasonable diligence during the time period she seeks to have tolled." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996). Therefore, Mr. Tuminello's suit should be found to be timely filed.

## **CONCLUSION**

For the reasons stated above, Plaintiff's claims against Aetna are not time barred. Plaintiff respectively requests that Defendant's motion for summary judgment be denied.

Dated: February 3, 2014

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES, ATTORNEYS AT LAW L.L.P.

By: */s/ Marc S. Whitehead*
Marc S. Whitehead
Admitted *pro hac vice*
TX Bar No. 00785238
Fed. Id. No. 15465
MARC WHITEHEAD & ASSOC, LLP
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
Email: marc@marcwhitehead.com
LEAD ATTORNEY FOR PLAINTIFF

RIEMER & ASSOCIATES, L.L.C.

By: */s/ Scott M. Riemer*
Scott M. Riemer
(SR5005)
60 East 42nd Street
Suite 1750
New York, NY 10165
Telephone:   212-297-0700
Facsimile:   212-297-0730
Email: sriemer@riemerlawfirm.com

## **CERTIFICATE OF SERVICE**

I, Marc S. Whitehead, do hereby certify that on this the 3rd day of February, 2014, a true and correct copy of the foregoing was filed electronically. Notice of this filing shall be sent by e-mail to all parties by operation of the Court's electronic filing system (ECF) and parties may access this filing through the Court's system.

Michael H. Bernstein
Sedgwick LLP (NY)
225 Liberty Street, 28th Floor
New York, NY 10281
Telephone: 212-422-0202
Facsimile:   212-422-0925
Email: Michael.bernstein@sdma.com

Julie Yang Kim
Sedgwick LLP (NY)
225 Liberty Street, 28th Floor
New York, NY 10281
Telephone: 212-422-0202
Facsimile:   212-422-0925
Email: Julie.kim@sdma.com

Attorneys for Defendant Aetna Insurance Company


                                                    */s/ Marc S. Whitehead*
                                                    Marc S. Whitehead
                                                    Admitted p*ro hac vice*