UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOSEPH TUMINELLO,

        Plaintiff,

   v.

AETNA LIFE INSURANCE COMPANY,

        Defendant.
---------------------------------------------------------X

Civil Action No.:
13 CIV 938 (KBF)(JCF)

DOCUMENT
<u>ELECTRONICALLY FILED</u>

---

**DEFENDANT AETNA LIFE INSURANCE COMPANY'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

---

SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Email: michael.bernstein@sedgwicklaw.com
*Attorneys for Defendant*
*Aetna Life Insurance Company*

Michael H. Bernstein
Julie Y. Kim
   Of Counsel

DOCS/18408340v1

**PRELIMINARY STATEMENT**

Defendant Aetna Life Insurance Company ("Aetna") respectfully submits this supplemental reply memorandum of law in further support of its motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for an order granting summary judgment dismissing Plaintiff Joseph Tuminello's ("Tuminello") Complaint as time-barred. In his opposition to Aetna's supplemental memorandum of law in support of its motion for summary judgment ("Pl.'s Suppl. Opp."), Tuminello acknowledges that in *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S.Ct 604 (2013) ("*Heimeshoff*"), a case with material facts that are analogous to those presented here, the Supreme Court held that an ERISA plan's reasonable and unambiguous limitation of actions provision must be enforced as written. Unable to contend with the force of the Supreme Court's recent unanimous decision in *Heimeshoff*, Tuminello instead reasserts his meritless argument that Aetna should be estopped from enforcing the Plan's Legal Action provision because he irrationally assumed that the same deadline for commencing a lawsuit seeking judicial review of Aetna's final determination of his short-term disability ("STD") claim applied to the time frame for seeking judicial review of Aetna's determination regarding his entirely separate and distinct claim for long-term disability ("LTD") benefits. This argument, which was previously advanced by Tuminello in his prior opposition brief to Aetna's motion for summary judgment, conflates the terms of the STD Plan with those of the LTD Plan, and cannot be squared with governing law or the Plan terms. As the *Heimeshoff* Court made clear, the circumstances presented here do not warrant application of the doctrines of waiver or estoppel. Tuminello does not dispute that the Plan's limitation of actions provision is reasonable and unambiguous, and as such, under *Heimeshoff*, it must be enforced.

Contrary to Tuminello's arguments, Aetna's prior communications with him regarding his claim for STD benefits have no bearing on the enforceability of the LTD Plan's limitation of actions provision. At no point during the administration of Tuminello's claim for LTD benefits did Aetna

1

advise Tuminello that he had one year from the date of its final adverse determination of his LTD claim to commence a civil action pursuant to ERISA. Instead, Tuminello illogically asserts that he assumed this to be the case based on Aetna's initial adverse determination letter regarding his STD claim – a letter issued well before he even submitted his claim for LTD benefits – despite the admittedly unambiguous Plan language that clearly advises participants that the deadline for commencing a lawsuit to recover LTD benefits is three years from the deadline for filing claims. As the Supreme Court has unanimously held, the LTD Plan's Legal Action provision must be enforced as written and consequently, summary judgment dismissing this action as time-barred should be granted.

## ARGUMENT

### POINT I
### TUMINELLO'S LAWSUIT IS BARRED BY THE LTD PLAN'S LEGAL ACTION PROVISION

Tuminello concedes that *Heimeshoff* involved a fact pattern "similar to the one presented here" and that "[d]espite the 'umambiguous contract language,' Mr. Tuminello, like the plaintiff in *Heimeshoff*, was not clear when the statute of limitations to bring suit began running." (Pl.'s Suppl. Opp., Doc. No. 38, at p. 2). The logical conclusion to be drawn from this admission is that like the plaintiff in *Heimeshoff*, Tuminello failed to timely pursue judicial review and consequently, this lawsuit is time-barred by the LTD Plan's unambiguous and enforceable limitation of actions provision. That is certainly what the Supreme Court held in *Heimeshoff* and Tuminello offers no coherent argument to explain why his circumstances require a different result in this case. Consequently, this Court should likewise enter summary judgment dismissing Tuminello's action as time-barred.

**POINT II**
**THE DOCTRINES OF WAIVER AND ESTOPPEL DO NOT**
**APPLY TO THE CIRCUMSTANCES OF THIS CASE**

In his supplemental opposition, Tuminello recycles his previous argument that information provided in Aetna's adverse determination letter regarding his claim for STD benefits – issued almost two years before he even submitted his claim for LTD benefits – should estop Aetna from enforcing the LTD Plan's unambiguous limitation of actions provision. In Aetna's previously submitted reply brief (Doc. No. 30), it countered this illogical argument by providing details regarding the fact that Aetna's March 19, 2009 letter, upon which Tuminello purports to have relied, clearly does not pertain to his LTD claim. (*See* Aetna's Reply Br., Doc. No. 30, at pp.7-10).

Tuminello concedes that he applied for STD benefits, effective February 6, 2009 (Pl.'s Suppl. Opp., Doc. No. 38, at pp. 3-4), and that Aetna initially denied his claim for STD benefits in its letter dated March 19, 2009 (the "March 19, 2009 letter"). (*Id.*). After considering Tuminello's STD claim on administrative appeal, Aetna determined that he was eligible to receive STD benefits from February 6, 2009 through May 31, 2009. (*Id.*). Aetna's Final Level Appeal Determination letter regarding Tuminello's claim for STD benefits was dated January 12, 2010, and approved STD benefits effective February 6, 2009 through his return to work on June 1, 2009. (*See* Celestine Decl.,[1] Ex. D, at TUMINELLO 000912-913).

Tuminello's disingenuous argument that this lawsuit seeks STD benefits as well as LTD benefits[2] does not alter the inapplicability of Aetna's correspondence regarding his STD claim to determining his deadline for seeking judicial review of Aetna's denial of his subsequent claim for LTD benefits under this separate employee welfare benefit plan. Preliminarily, a review of

---

[1] "Celestine Decl." refers to the Declaration of Wanda Greene Celestine in Support of Aetna's Motion for Summary Judgment, filed via ECF on July 23, 2013 (Doc. No. 18).
[2] Tuminello has repeatedly described this lawsuit as a "dispute over the denial of a claim for long-term disability benefits . . . ." *See* Pl.'s Suppl. Opp., Doc. No. 38, at p. 2; Pl.'s Opp. to Aetna's Motion for Summary Judgment, Doc. No. 26, at p. 2.

3

Tuminello's Complaint reflects that he is only seeking benefits under the LTD Plan. (*See* Complaint, Doc. No. 1, at ¶22 ("Short term disability benefits were denied but subsequently the denial was reversed"); ¶¶23-41 (describing LTD claim administration)). Although Tuminello generally included a claim for STD benefits in the Complaint, there are no allegations to support such a claim. Moreover, Tuminello's Complaint includes *an admission that STD benefits were paid.* (*See* Complaint, Doc. No. 1, at ¶22).

Furthermore, even if Tuminello's Complaint actually seeks to recover STD and LTD benefits in this lawsuit, the March 19, 2009 letter, by its very terms, pertains only to Tuminello's claim for STD benefits (an indisputable fact, since Tuminello had not even submitted a claim for LTD benefits at the time that letter was issued). The March 19, 2009 letter advised Tuminello that he had one year from the date of Aetna's final benefit determination on his STD claim to seek judicial review; i.e., one year from January 12, 2010, when Aetna issued its final determination on his appeal regarding his STD benefit claim. However, Tuminello did not commence this action until he filed his Complaint on February 8, 2013 (Doc. No. 1), more than two (2) years after his time to do so expired as to the STD claim. Thus, to the extent the Complaint actually pleads a viable cause of action relating to his claim for STD benefits, despite his admission in paragraph 22 of that pleading that these benefits were paid, this claim would still be time-barred based on the very letter upon which Tuminello predicates his estoppel arguments.

Notwithstanding the foregoing, Tuminello hopes to resurrect his claim for LTD benefits by speciously arguing that he reasonably relied upon the March 19, 2009 letter when he incorrectly assumed that he had one year from Aetna's final determination on his claim for LTD benefits to seek judicial review. Yet the March 19, 2009 letter was issued almost two years before Tuminello even applied for LTD benefits. After he applied for LTD benefits, Aetna issued letters to Tuminello that specifically indicated that they concerned his LTD benefit claim. (*See, e.g.,* Celestine Decl., Ex.

4

D., at TUMINELLO 000471-472; TUMINELLO 000474; TUMINELLO 000475; TUMINELLO 000476; TUMINELLO 000477, TUMINELLO 000478, TUMINELLO 000479, TUMINELLO 000480, TUMINELLO 000481-482). At no time did Aetna advise Tuminello that he had one year from the date of Aetna's final adverse benefit determination on his LTD claim to seek judicial review. Tuminello concedes that the LTD Plan language unambiguously states that the Plan's deadline for seeking judicial review of denied LTD benefit claims is three years from the deadline for filing claims. (Pl.'s Suppl. Opp., Doc. No. 38, at p. 2). As the Supreme Court recently made clear in *Heimeshoff*, this unambiguous and reasonable plan provision must be enforced. Yet Tuminello asks this Court to overlook governing plan language concerning the time within which he can file a lawsuit challenging Aetna's final adverse benefit determination, and instead find that it was reasonable for him to rely on a letter regarding a different claim for STD benefits issued almost three years prior to the date of Aetna's final adverse determination on his LTD claim. Notably, Tuminello was represented by seasoned ERISA counsel throughout the administrative appeal process regarding his LTD benefit claim, but he offers no explanation as to why he did not look to the relevant LTD Plan language to determine his deadline for seeking judicial review.

The *Heimeshoff* decision further explains why the equitable doctrines of waiver and/or estoppel do not apply to the circumstances presented here. As discussed in Aetna's supplemental memorandum of law, the *Heimeshoff* Court ruled that the doctrines of waiver or estoppel may apply in those rare circumstances where a participant is unable to timely commence a lawsuit seeking benefits pursuant to ERISA §502(a)(1)(B) because of delays caused by the administrative review process. 134 S.Ct at 615. *See also* Aetna's Suppl. MOL, Doc. No. 37, at pp. 6-7. Here, Tuminello's delay in commencing this lawsuit was not caused by the administrative appeal process, but rather was wholly attributable to his failure to consult the Plan to determine the applicable deadline and his inexplicable decision to wait idly for one year after Aetna's final adverse determination on his claim

5

for LTD benefits before filing this Complaint. Tuminello had more than sufficient time within which to commence this lawsuit within the limitations period provided by the LTD Plan. Consequently, there are no factual circumstances here that would justify the application of waiver or estoppel, since Tuminello's failure to timely commence this lawsuit is not attributable to Aetna or the administrative review process.

As Tuminello notes, the *Heimeshoff* Court held that equitable tolling may apply "[t]o the extent the participant has pursued *both internal review and judicial review*." (Pl.'s Suppl. Opp., Doc. No. 38, at p. 5) (citing *Heimeshoff*, 134 S.Ct at 615) (emphasis added). But Tuminello does not – and cannot – argue that he diligently pursued judicial review of Aetna's denial of his claims for STD or LTD benefits. Instead, he argues that he sought judicial review "under the time frame communicated to him by Defendant in plain language." (Pl.'s Suppl. Opp., Doc. No. 38, at p. 5). Of course, this argument is premised on the incorrect proposition that it was reasonable for Tuminello to rely on Aetna's March 19, 2009 correspondence regarding his time to seek judicial review of Aetna's determination on his STD claim, which again, pre-dated his application for LTD benefits by almost two years. In *Johnson v. Nyack Hosp.*, 86 F.3d 8 (2d Cir. 1996), a case cited by Tuminello, the Second Circuit held that equitable tolling could stay the running of a statutory limitations period, but "requires a party to pass with reasonable diligence through the period it seeks to have tolled." 86 F.3d at 12 (citations omitted). In *Johnson*, the court declined to apply equitable tolling to the plaintiffs' antitrust claims based on its determination that they had failed to pursue their claim with reasonable diligence and that plaintiffs' delay was inexcusable. *Id.* at 13. The court further concluded that "[t]hough plaintiffs might find the result harsh, the harshness . . . is largely a self-inflicted wound." *Id.* (internal quotation marks and citations omitted). Similarly, here, Tuminello must bear the burden of his own "self-inflicted wound." Tuminello's delay in commencing this lawsuit is

6

inexcusable and his time to seek judicial review of both his STD and LTD claims has expired. As such, this lawsuit must be dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, Defendant Aetna Life Insurance Company respectfully requests that the Court grant Aetna's motion for summary judgment and issue an order dismissing Plaintiff's Complaint in its entirety.

Dated:  New York, New York
        February 10, 2014

>                            Respectfully submitted,
>
>                            /s/Michael H. Bernstein
>                             Michael H. Bernstein (MB 0579)
>                            Julie Kim (JK 5700)
>                            SEDGWICK LLP
>                            225 Liberty Street, 28th Floor
>                            New York, NY 10281
>                            Tel. (212) 422-0202
>                            Fax (212) 422-0925
>                            Email: michael.bernstein@sedgwicklaw.com
>                            *Attorneys for Defendant*
>                            *Aetna Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I, Julie Kim, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT AETNA LIFE INSURANCE COMPANY'S SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** was served via ECF on this 10th day of February 2014, upon the following:

Dated:   New York, New York
         February 10, 2014

/s/Julie Kim
Julie Kim (JK 5700)